■ In the Matter of YOLANDE D. BUCKLEY et al., Appellants. WILD OAKS PARK, INC., et al., Respondents.—In a proceeding pursuant to section 619 of the Business Corporation Law, *inter alia,* to set aside and declare null and void (1) a certain election of directors and (2) the issuance of 1,150 shares of stock of Wild Oaks Park, Inc., petitioners appeal from stated portions of a judgment of the Supreme Court, Westchester County, dated December 19, 1974, which, after a nonjury trial, *inter alia,* dismissed the petition and declared the transfer to be valid. Judgment affirmed insofar as appealed from, with costs, on the opinion of Mr. Justice Burchell at Trial Term. Cohalan, Acting P. J., Margett, Damiani and Titone, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment insofar as it is appealed from and grant the petition, with the following memorandum: I respectfully dissent and vote to reverse the judgment insofar as it is appealed from and to grant the petition on the authority of *Schwartz v Marien* (37 NY2d 487, 492), in which the court said: "Departure from precisely uniform treatment of stockholders may be justified, of course, where a bona fide business purpose indicates that the best interests of the corporation would be served by such departure. The burden of coming forward with proof of such justification shifts to the directors where, as here, a prima facie case of unequal stockholder treatment is made out. Particularly is this so when it appears that members of the board of directors favored themselves individually over the complaining shareholder. Additionally, disturbance of equality of stock ownership in a corporation closely held for several years by the members of two families calls for special justification in the corporate interest; not only must it be shown that it was sought to achieve a bona fide independent business objective, but as well that such objective could not have been accomplished substantially as effectively by other means which would not have disturbed proportionate

stock ownership. *Similarly, should the proof disclose double motivation on the part of the directors, that is, both to advance an independent corporate interest and at the same time to place a complaining shareholder at a disadvantage, the directors could then be absolved, if at all, of breach of fiduciary responsibilities only by accompanying proof that no other means were available appropriate to the accomplishment of the corporate objective"* (emphasis supplied). In my opinion the facts here come directly within the strictures of that case. Furthermore, when the Trial Justice said that "The petitioners' arguments that the issuance of these shares was not for a valid corporate purpose and were a fraud upon the corporation is not supported by the weight of the credible evidence", he apparently placed the burden of proof upon the petitioners whereas, under the circumstances, the burden of establishing that the issuance of the shares was for a valid corporate purpose which "could not have been accomplished substantially * * * by other means", and was not a fraud upon the corporation or the petitioners, rested upon the respondents.